UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MANUEL DUCLER,

                Plaintiff,

        -against-

REPUBLIC OF ARGENTINA, ET AL.,

                Defendants.

25-CV-7018 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Argentina, brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff's IFP application does not establish that he is unable to pay the filing fees. Plaintiff states that he is "not employed in the United States," does "not receive a regular salary of wages in U.S. dollars," and that his only sources of income are in "Argentine pesos, which due to severe inflation and currency restrictions are insufficient to cover the $405 filing fee in U.S. dollars." (ECF 2 at 1.) He does not specify the sources or amount of his income in Argentina or elsewhere. Plaintiff further states that he does not "own property, vehicles, or assets in the United States," has "no bank accounts in the United States," and that he has "no savings or liquid assets abroad that could be used to pay the filing fee." (*Id.*)

However, Plaintiff states that he "support[s] his daughter, a minor child residing in Argentina," that he "face[s] ongoing legal expenses, personal security costs, and basic living expenses," and that he faces "extraordinary burdens" as a "whistleblower and victim of retaliation" that "make it impossible for" him to pay the fees to bring this action. (*Id.*)

Plaintiff's IFP application does not establish his inability to pay the fees. Plaintiff's answers to some questions are limited to income and resources in the United States. Plaintiff states that he supports a minor child and pays various costs and expenses, but he does not provide information about what those costs and expenses are and how he pays them. Without that information, the Court is unable to conclude that he does not have sufficient funds to pay the relevant fees for this action.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-7018 (LTS), and address the deficiencies described above by fully answering the questions contained therein and providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 7, 2026
          New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge